UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

THOMAS W. MALONE,

     Petitioner,

v.                                                           Case No.  4:16cv724-RH-CJK

FLORIDA DEPARTMENT OF
CORRECTIONS SECRETARY,

     Respondent.
_____/

<u>REPORT AND RECOMMENDATION</u>

     Before the court is an amended petition for writ of habeas corpus filed under 28 U.S.C. § 2254.  (Doc. 17).  Respondent filed an answer, providing relevant portions of the state court record.  (Doc. 21).  Petitioner replied and filed supplemental authority.  (Docs. 26, 27).  The matter is referred to the undersigned Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B).  The undersigned concludes that no evidentiary hearing is required for the disposition of this matter.  Rule 8(a) of the Rules Governing Section 2254 Cases in the United States District Courts.  The undersigned further concludes that the pleadings and attachments before the court show that petitioner is not entitled to habeas relief.

## BACKGROUND AND PROCEDURAL HISTORY

On May 13, 1987, petitioner and his co-defendant, Paula Foster Stallworth, murdered Stallworth's parents, Doris and Jesse Foster.  (Doc. 21, Ex. B (indictment); Ex. C (judgment); Ex. E, p. 5 (motion for postconviction relief)).[1]  Petitioner was charged in Leon County Circuit Court Case No. 1987-CF-1877, with two counts of first degree premeditated murder (Counts 1 and 2), shooting within a building (Count 3) and use of a firearm in the commission of a felony (Count 4).  (Ex. B).  Counts 1 and 2 were capital felonies.  (*Id*.).  On May 16, 1988, after a death penalty qualified jury had been selected, petitioner entered a counseled, negotiated plea of guilty to all counts as charged.  (Ex. A, p. 12 (docket sheet); Ex. J, pp. 5-6 (court minutes)).  The court accepted petitioner's plea, adjudicated him guilty of the four crimes, and sentenced him to the parties' negotiated sentence of natural life in prison with a 25-year mandatory minimum on each of Counts 1 and 2, and 15 years in prison on each of Counts 3 and 4, with all terms running consecutively.  (*Id*.; *see also* Ex. C (judgment)).  Judgment was rendered May 19, 1988.  (*Id*.).  The judgment was corrected on June 14, 1998, to reflect 271 days of jail credit.  (Doc. 17, p. 2; Doc.

---

[1] References to exhibits are those provided at Doc. 21.  Where a page of an exhibit bears more than one page number, the court cites the number appearing at the bottom right corner of the page.

21, Ex. A, p. 13).  Petitioner did not directly appeal from the judgment.  (Doc. 17, p.

1; Doc. 21, Ex. A).[2]

On January 22, 2011, petitioner filed a *pro se* motion for postconviction relief

under Florida Rule of Criminal Procedure 3.850, alleging that his plea was

involuntary because trial counsel misrepresented that he would be eligible for parole

after 25 years.  (Ex. E, pp. 1-21).  The state circuit court summarily denied the motion

as untimely.  (*Id*., pp. 22-23).  The Florida First District Court of Appeal (First DCA)

affirmed per curiam without opinion.  *Malone v. State*, 64 So. 3d 1265 (Fla. 1st DCA

2011) (Table) (copy at Ex. H).  The mandate issued July 26, 2011.  (Ex. H).

On June 15, 2015, petitioner filed a *pro se* motion to correct illegal sentence

under Florida Rule of Criminal Procedure 3.800(a), alleging that his sentences on

Counts 3 and 4 violated double jeopardy principles because they were lesser-

included offenses of Counts 1 and 2.  (Ex. I, pp. 1-4).  On February 4, 2016, the state

circuit court summarily denied relief on the ground that petitioner's claim was not

cognizable under Rule 3.800(a).  (Ex. J).  Petitioner did not appeal.  (Ex. A).

---

[2] The circuit court docket sheet reflects entries of "D.C.A. Mandate" and "Notice of Appeal
Disposed" on May 31, 1989.  (Ex. A, p. 14).  That appeal was from an order awarding attorney's
fees to defense counsel.  (Ex. A, pp. 13-14; Ex. D; *see also Leon Cnty. v. McClure*, No. 88-2042,
541 So. 2d 630 (Fla. 1st DCA Dec. 28, 1988)).

On September 1, 2015, petitioner filed a *pro se* successive Rule 3.850 motion claiming that his sentence violated the Eighth Amendment in light of the Supreme Court's holding in *Miller v. Alabama*, 567 U.S. 460 (2012). (Ex. K, pp. 1-21). The state circuit court summarily denied relief without an evidentiary hearing. (*Id.*, pp. 22-43). The First DCA affirmed per curiam without opinion. *Malone v. State*, 191 So. 3d 465 (Fla. 1st DCA 2016) (Table) (copy at Ex. N). The mandate issued June 21, 2016. (Ex. N).

Petitioner filed his original federal habeas petition on November 15, 2016, (doc. 1), which he later amended (doc. 17). Petitioner's amended petition raises one claim – that his sentence is unconstitutional under *Miller, supra. See Miller* at 479 (holding that "the Eighth Amendment forbids a sentencing scheme that mandates life in prison without possibility of parole for juvenile offenders").

## SECTION 2254 STANDARD OF REVIEW

Federal courts are precluded from granting a habeas petition on a claim that was adjudicated on the merits in state court unless the state court's decision (1) "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court," or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court

proceeding."   28 U.S.C. § 2254(d).   A state court's factual determinations are presumed correct, unless the petitioner rebuts the presumption of correctness by clear and convincing evidence.  *See* 28 U.S.C. § 2254(e)(1).

The United States Supreme Court explained the framework for § 2254 review in *Williams v. Taylor*, 529 U.S. 362 (2000).[3]   Justice O'Connor described the appropriate test:

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts.  Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

*Id.*, 529 U.S. at 412-13 (O'Connor, J., concurring).

Under the *Williams* framework, the federal court must first ascertain the "clearly established Federal law," namely, "the governing legal principle or principles set forth by the Supreme Court at the time the state court render[ed] its

---

[3]Unless otherwise noted, references to *Williams* are to the majority holding, written by Justice Stevens for the Court (joined by Justices O'Connor, Kennedy, Souter, Ginsburg, and Breyer) in parts I, III, and IV of the opinion (529 U.S. at 367-75, 390-99); and Justice O'Connor for the Court (joined by Justices Rehnquist, Kennedy, Thomas, and – except as to the footnote – Scalia) in part II (529 U.S. at 403-13).  The opinion of Justice Stevens in Part II was joined by Justices Souter, Ginsburg, and Breyer.

decision." *Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003). The law is "clearly established" only when a Supreme Court holding at the time of the state court decision embodies the legal principle at issue. *See Thaler v. Haynes*, 559 U.S. 43, 47 (2010); *Woods v. Donald*, 575 U.S. —, —, 135 S. Ct. 1372, 1376 (2015) ("We have explained that clearly established Federal law for purposes of § 2254(d)(1) includes only the holdings, as opposed to the dicta, of this Court's decisions." (internal quotation marks and citation omitted)).

After identifying the governing legal principle(s), the federal court determines whether the state court adjudication is contrary to the clearly established Supreme Court case law. The adjudication is not contrary to Supreme Court precedent merely because it fails to cite to that precedent. Rather, the adjudication is "contrary" only if either the reasoning or the result contradicts the relevant Supreme Court cases. *See Early v. Packer*, 537 U.S. 3, 8 (2002) ("Avoiding th[e] pitfalls [of § 2254(d)(1)] does not require citation to our cases – indeed, it does not even require awareness of our cases, so long as neither the reasoning nor the result of the state-court decision contradicts them."). Where there is no Supreme Court precedent on point, the state court's conclusion cannot be contrary to clearly established federal law. *See Woods*, 135 S. Ct. at 1377 (holding, as to claim that counsel was *per se* ineffective in being

absent from the courtroom for ten minutes during testimony concerning other defendants: "Because none of our cases confront the specific question presented by this case, the state court's decision could not be contrary to any holding from this Court." (internal quotation marks and citation omitted)).  If the state court decision is contrary to clearly established federal law, the federal habeas court must independently consider the merits of the petitioner's claim.  *See Panetti v. Quarterman*, 551 U.S. 930, 954 (2007).

If the "contrary to" clause is not satisfied, the federal habeas court next determines whether the state court "unreasonably applied" the governing legal principles set forth in the Supreme Court's cases.  The federal court defers to the state court's reasoning unless the state court's application of the legal principle(s) was "objectively unreasonable" in light of the record before the state court.  *See Williams*, 529 U.S. at 409; *Holland v. Jackson*, 542 U.S. 649, 652 (2004).  The Supreme Court described the "unreasonable application" standard this way:

> When reviewing state criminal convictions on collateral review, federal judges are required to afford state courts due respect by overturning their decisions only when there could be no reasonable dispute that they were wrong.  Federal habeas review thus exists as "a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal." *Harrington, supra*, at 102-103, 131 S. Ct. 770 (internal quotation marks omitted).

*Woods*, 135 S. Ct. at 1376 (*quoting Harrington v. Richter*, 562 U.S. 86 (2011)).  The § 2254(d) standard "is difficult to meet . . . because it was meant to be."  *Richter*, 562 U.S. at 102.

Section 2254(d) also allows federal habeas relief for a claim adjudicated on the merits in state court where that adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d)(2).  The "unreasonable determination of the facts" standard is implicated only to the extent the validity of the state court's ultimate conclusion is premised on unreasonable fact finding.  *See Gill v. Mecusker*, 633 F.3d 1272, 1292 (11th Cir. 2011).  As with the "unreasonable application" clause, the federal court applies an objective test.  *See Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003) (holding that a state court decision based on a factual determination "will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state court proceeding.").  Federal courts "may not characterize . . . state-court factual determinations as unreasonable merely because we would have reached a different conclusion in the first instance."  *Brumfield v. Cain*, 576 U.S. —, —, 135 S. Ct. 2269, 2277 (2015) (quotation marks omitted).

Only if the federal habeas court finds that the petitioner satisfied § 2254(d), does the court take the final step of conducting an independent review of the merits of the petitioner's claims. *See Panetti*, 551 U.S. at 954. Even then, the writ will not issue unless the petitioner shows that he is in custody "in violation of the Constitution or laws and treaties of the United States." 28 U.S.C. § 2254(a).

## DISCUSSION

Petitioner relies on *Graham v. Florida*, 560 U.S. 48 (2010), and *Miller, supra*, to argue that his sentences violate the Eighth Amendment's prohibition against cruel and unusual punishment. (Doc. 17, pp. 3, 7 in ECF). Petitioner describes himself as a "youth offender" with the maturity and mental capacity of a juvenile, as follows:

> Here, the record shows that Malone committed the offenses in this case as a youthful offender at the age of 18 plus (exactly) 108 days. And as a direct result of his age and immaturity, expert witness Dr. Timothy Fjordbak concluded that Malone suffered from a lack of brain development that directly contributed to his vulnerability in committing the offenses in this case. Second, Malone's mental infirmity created a diminished ability to understand or control his actions. Thus, expert witness Dr. Timothy Fjordbak testified that following his evaluation and report filed with the court he believed that Malone suffered from brain damage that constituted a mental infirmity.

(Doc. 17, p. 7 in ECF). The parties agree that petitioner presented his Eighth Amendment claim to the state courts in his successive Rule 3.850 proceeding; that the state circuit court denied relief; and that the First DCA summarily affirmed

without explanation.  (Doc. 17, p. 3 in ECF; Doc. 21, p. 11).  Respondent argues that petitioner is not entitled to relief because he fails to meet § 2254(d)'s demanding standard.  (Doc. 21, pp. 13-16).

A.    Clearly Established Federal Law

In *Graham* the Supreme Court held that "[t]he Constitution prohibits the imposition of a <u>life without parole sentence on a juvenile offender who did not commit homicide</u>."  560 U.S. at 82 (emphasis added).  In *Miller*, the Supreme Court held that "<u>mandatory life without parole for those under the age of 18 at the time of their crimes</u> violates the Eighth Amendment's prohibition on 'cruel and unusual punishments.'"  567 U.S. at 465 (emphasis added).

B.    Review of State Court's Decision

The First DCA's summary affirmance is an "adjudication on the merits" entitled to deference under 28 U.S.C. § 2254(d).  *See Richter*, 562 U.S. at 100 ("This Court now holds and reconfirms that § 2254(d) does not require a state court to give reasons before its decision can be deemed to have been 'adjudicated on the merits.'").  Where, as here, there has been one reasoned state judgment rejecting a federal claim followed by a later unexplained order upholding that judgment or rejecting the same claim, federal habeas courts employ a "look through"

presumption, described by the Supreme Court as follows: "We hold that the federal

court should 'look through' the unexplained decision to the last related state-court

decision that does provide a relevant rationale.  It should then presume that the

unexplained decision adopted the same reasoning."  *Wilson v. Sellers*, — U.S. —,

138 S. Ct. 1188, 1192 (2018).

The state circuit court rejected petitioner's claim for these reasons:

> On May 19, 1988, defendant pled guilty as charged to two counts
> of first degree murder, one count of shooting within a building and one
> count of use of a firearm in the commission of a felony.  As part of a
> negotiated plea, the Court sentenced him to life in prison on the murder
> charges with a 25[-]year minimum mandatory, and 15 years['] 
> incarceration each on the other two counts all running consecutive to
> one another (see notes and judgment attached).FN1    Defendant
> originally faced the death penalty and in fact a death penalty qualified
> jury had been selected on May 16 – 19, 1988.
>
> > FN1  It appears as though defendant's plea was heard and
> > accepted without a plea form.  Additionally, the file does
> > not contain a transcript of the plea and the Court attempted
> > to obtain one from the court reporter, but was informed
> > they only retain records for 10 years.
>
> Defendant and his girlfriend and co-defendant, Paula Stallworth,
> shot and killed Stallworth's parents to stop them from seeking custody
> of Stallworth's children.  On January 4, 1988, the co-defendant pled
> guilty as charged to two counts of first degree of [sic] murder and was
> sentenced to life in prison on the two murder charges with a 25[-]year
> minimum mandatory with each count running consecutive to the other
> (see attached plea form).  According to witness statements, defendant
> Malone shot Stallworth's parents multiple times with a shotgun.  There

was no direct appeal. However[,] in June 1988, Defendant filed a Motion to Correct Sentence requesting credit for time serve[d] which was granted and there was also an appeal taken in 1988 related to attorney's fees (DCA Case No. 1D88-2042).

Defendant filed a Motion for Postconviction relief pursuant to Rule 3.850, Fla. R. Crim. P. on January 22, 2011, alleging the plea was involuntary because he was given misadvice about the minimum mandatory. This motion was denied on February 11, 2011, and the denial was affirmed on appeal with a mandate issued July 26, 2011 (DCA Case No. 1D11-1882). The Defendant also filed a Motion for Correct Illegal Sentence on June 18, 2015, which was denied by separate order entered on February 3, 2016.

In his current motion, Defendant alleges he is entitled to be resentenced pursuant to <u>Miller v. Alabama</u>, 132 S. Ct. 2455 (2012) (holding that sentencing those under the age of 18 to life without parole is cruel and unusual punishment). According to Defendant he is eligible for parole 50 years after his sentence was imposed or 2038. More importantly, as Defendant acknowledges on page two of the instant motion, he turned 18, 108 days before killing Stallworth's parents. Therefore, <u>Miller v. Alabama</u> does not apply nor does Section 921.1402, Fla. Stat. <u>See [a]lso</u> <u>Romero v. State</u>, 105 So. 3d 550 (Fla. 1st DCA 2013).

(Ex. K, pp. 22-23).

Applying *Wilson*'s "look-through" presumption, the First DCA's rejection of petitioner's claim was neither contrary to, nor an unreasonable application of, *Graham* or *Miller*. The state court's findings – that petitioner is, in fact, eligible for parole and that he was over the age of 18 when he committed the double murder – are conclusively established by the record. (*See* Doc. 21, Ex. C (judgment); Ex. K,

pp. 2-3 (allegations of petitioner's successive Rule 3.850 motion)).  Petitioner does not dispute those facts here.  (*See* Doc. 17, p. 3; Doc. 26, p. 4).  Given these facts, the state court's decision was not contrary to *Graham* or *Miller*, because the facts are materially distinguishable from those cases.  Moreover, the state court was not objectively unreasonable for declining to extend the legal principles from *Graham* and *Miller* to the facts of petitioner's case – a case that involved a sentence imposed pursuant to a valid counseled, negotiated plea agreement.

Petitioner's reply urges the extension of *Graham* and *Miller* to prisoners who were between the ages of 18 and 21 when they committed their offenses and whose parole eligibility will come late in their lives.  (Doc. 26).  Petitioner's notice of supplemental authority provides examples of where, according to petitioner, courts have applied *Graham* and *Miller* to offenders over the age of 18.  (Doc. 27 (*citing People v. House*, 72 N.E. 3d 357 (Ill. Ct. App. 2015), and *United States v. Walters*, 253 F. Supp. 3d 1033 (E.D. Wis. 2017))).  These cases are not holdings of the United States Supreme Court and, accordingly, are not "clearly established Federal law" for purposes of § 2254(d)(1).  *See Thaler v. Haynes*, 559 U.S. 43, 47 (2010) ("A principle is 'clearly established' within the meaning of [28 U.S.C. § 2254(d)(1)] only when it is embodied in a holding of this Court.").  Further, *House* and *Walters* are

legally and factually distinguishable. *See House*, 72 N.E. 3d at 389 (deciding the issue on state-law grounds and concluding: "[W]e need not address defendant's argument that the imposition[ ] of a mandatory life sentence was facially unconstitutional under the eighth amendment. . . ."); *House*, 253 F. Supp. 3d at 1036 (providing statement of reasons for sentencing 19-year-old defendant, who committed nonhomicide offenses, to supervised release).  Neither case persuades the undersigned that the state court was unreasonable in declining to extend *Miller* to a nonjuvenile who committed a double murder and was sentenced pursuant to a counseled, negotiated plea agreement to life with the possibility of parole.

## CONCLUSION

Petitioner has not shown that the state court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Richter*, 562 U.S. at 103.  Petitioner is not entitled to federal habeas relief.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides: "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  If a certificate is

issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." 28 U.S.C. § 2254 Rule 11(a). A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. *See* 28 U.S.C. § 2254 Rule 11(b).

"[Section] 2253(c) permits the issuance of a COA only where a petitioner has made a 'substantial showing of the denial of a constitutional right.'" *Miller-El*, 537 U.S. at 336 (*quoting* 28 U.S.C. § 2253(c)). "At the COA stage, the only question is whether the applicant has shown that 'jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" *Buck v. Davis*, 580 U.S. —, 137 S. Ct. 759, 774 (2017) (*quoting Miller-El*, 537 U.S. at 327). The petitioner here cannot make the requisite showing. Accordingly, the court should deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." 28 U.S.C. § 2254 Rule 11(a). If there is an objection to this recommendation by either party, that party may bring such argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully RECOMMENDED:

1.  That the amended petition for writ of habeas corpus (doc. 17), challenging the judgment of conviction and sentence in *State of Florida v. Thomas Wesley Malone*, Leon County Circuit Court Case No. 1987-CF-1877, be DENIED.

2.  That the clerk be directed to close the file.

3.  That a certificate of appealability be DENIED.

At Pensacola, Florida this 27th day of June, 2018.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within 14 days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon the magistrate judge and all other parties.  A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.